## STATE v. RODNEY GRAY SPEAR.

(Filed 15 May 1968.)

1. **Automobiles § 126;   Criminal Law § 38—**

   Testimony of an officer that when he first saw defendant at the scene of the accident in question some 50 minutes after the accident occurred defendant was intoxicated, *is held* competent upon the question of defendant's intoxication at the time of the accident.

2. **Automobiles § 127—**

   Evidence of the State tending to show that defendant was the driver of a vehicle involved in an accident and that defendant was under the influence of intoxicants at the scene of the accident some 50 minutes after the accident occurred, *is held* sufficient to be submitted to the jury on the question of defendant's guilt of driving upon a public highway under the influence of intoxicating liquor.

APPEAL from *Peel, J.* and a jury, October 1967 Session, TYRRELL County Superior Court.

The defendant was charged in a valid warrant with operating a motor vehicle on a street or highway while under the influence of intoxicating liquor. He was tried and the jury returned a verdict of guilty. A sentence of four months, suspended on condition that the defendant pay a fine of $100 and the costs of court, was imposed. From this sentence, the defendant appeals.

*T. W. Bruton, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*
  *Bailey and Bailey by Carl L. Bailey, Jr., for defendant appellant.*

CAMPBELL, J.  The evidence for the State reveals that Trooper J. H. Withers, Jr., an officer of the North Carolina State Highway Patrol, received notice of a vehicle accident and went to the scene on U. S. 64 approximately one mile west of the Town of Columbia. Trooper Withers arrived at approximately 5:00 a.m. Sunday, 9 July 1967. There were tracks of a vehicle in the road leading from a wrecked vehicle for approximately one-tenth of a mile back to the hard surface. The vehicle was stopped in a yard, having crossed a ditch and knocked down a telephone pole. The wrecked vehicle was headed in an easterly direction and was stopped across the ditch on the north side of Highway U. S. 64.

The defendant was at the scene. Trooper Withers testified to a conversation with the defendant as follows: "He was thick-tongued and hard to understand and he kept repeating. I would ask him something and he would say, 'Well, Mr. Withers, can I ask you a personal question?' Then he would ask me something that would not

be personal at all, and say something else. Then he would say, 'Mr. Withers, can I ask you another personal question?' and that was the conversation.'"

The trooper further testified that the defendant told him he had been driving at a speed of 55 to 60 miles an hour and started to light a cigarette when he dropped it and reached down to pick it up and ran off the road; that the defendant said the accident occurred about ten minutes past four that morning; that he had had about four beers earlier that night, had consumed the last one about 11:30 p.m. and had had nothing to drink since that time. The trooper testified that the defendant was 26 years old, that he had known him for several years, and that he detected the odor of some intoxicant upon his breath.

The trooper expressed his opinion that the defendant was under the influence of some intoxicating beverage at the time he first saw him at the scene of the accident.

The defendant assigns as error the admission of the testimony of the trooper that in his opinion the defendant was under the influence of some intoxicating beverage at 5:00 a.m. The defendant asserts that this was too remote in time to be relevant and material. We find no merit in this contention, for that the evidence on behalf of the State shows that the defendant claimed to have had nothing to drink after 11:30 p.m. the preceding evening.

Intoxication decreases with the passage of time and a person is less apt to be affected by alcoholic beverages five and one half hours after last imbibing as compared with four and one half hours after the last beer. It certainly would be relevant and material. Passage of an appreciable length of time has a sobering effect and not vice versa.

The defendant further assigns as error the failure of the court to nonsuit the action at the close of the State's evidence. We are of the opinion that the evidence of the State as revealed in the testimony of Trooper Withers was sufficient to sustain a conviction.

The defendant's defense was based on the contention that he was not driving the vehicle at the time, and he offered testimony to that effect from various witnesses.

It was a case for the jury, and the charge of the court fairly and correctly set forth the law as it applied to the evidence and was free of any prejudicial error. We have reviewed all of the exceptions asserted by the defendant. He was given a fair and impartial trial. The jury, as the ultimate trier of the facts, determined the facts against the defendant.

Affirmed.

BRITT and MORRIS, JJ., concur.